## Commonwealth v. Allen

*David S. Kohn*, assistant district attorney, and *Carl B. Shelley*, district attorney, for Commonwealth.

*George Kunkel*, for justice of the peace.

WOODSIDE, J., May 25, 1942.—This comes before us on a motion to reconsider the sentence imposed upon John H. Brightbill, to pay the costs in the aforesaid case, as the real prosecutor.

Defendant was indicted for operating a motor vehicle while under the influence of intoxicating liquor. He pleaded "not guilty", and after trial before the court, without a jury, was acquitted, and the costs placed upon Brightbill.

Unfortunately notes of testimony were not taken stenographically, but there is no substantial dispute about what the witnesses said or what part Brightbill played in the case. In addition to the testimony hereinafter referred to, it developed at the trial that defendant had an accident near the place of business of John H. Brightbill, a justice of the peace of this county. About ten minutes after the accident, while the owner of the other automobile and defendant were exchanging driver's cards and information, the justice of the peace came out of his office, walked over to the scene of the accident and got into an argument with defendant. The argument became heated, whereupon the justice of the peace "put the defendant under arrest" and "deputized" several bystanders to assist him in forcibly taking defendant to his office where defendant was forcibly detained until the arrival of a motor policeman whom Brightbill had summoned.

Defendant requested permission to get bail but, instead of permitting him to do so, the justice of the peace committed him to the Dauphin County Prison for "safe keeping" without bail. Defendant also requested the right to have counsel which Brightbill likewise refused.

After having made the arrest himself Brightbill took the information of Charles N. Croft, a Pennsylvania Motor Patrolman, and subsequently conducted the preliminary hearing, for which he taxed as costs for his services the sum of $8.85.

Brightbill also appeared as a witness in court (after having personally written his name on the subpoena which was originally issued without it) thus putting himself in a position to collect witness fees. Brightbill not only admitted all of this but considered it all perfectly proper procedure.

In the opinion of the trial judge the testimony did not meet the legal standard required by law to find defendant guilty. The Commonwealth called J. H.

Gambler, whose car was involved in the accident and who testified that he talked to defendant immediately after the accident; that his talk was rational; that he gave his name and address, and that he, Gambler, did not smell anything on defendant's breath while they were exchanging information, although he was only three feet away.

Spease, another witness of the Commonwealth, testified that although he smelled something on defendant's breath, he talked all right. Neither Gambler nor Spease said that defendant was under the influence of intoxicating liquor. Brightbill said defendant was intoxicated.

The State Motor Patrolman who signed the information testified that he thought the same "on information received." He stated further that, in his opinion, defendant was intoxicated when he saw him at Brightbill's office. The officer was confused in his testimony, particularly concerning the holding of a preliminary hearing. He blamed the confusion on the fact that he had lost a page out of his notes. He stated that he had taken defendant to a physician and had him examined and had given the physician's name to Brightbill. The physician was not in court and the district attorney denied any knowledge of any examination by a physician and exhibited the return of the justice of the peace which contained a list of the witnesses, among which no doctor's name appeared. Defendant took the stand and denied that he was under the influence of intoxicating liquor.

Every opportunity has been given by the court to Brightbill to present his case and protect his legal rights. At the trial, after all the other testimony was presented, the trial judge gave him an opportunity to tell everything he had to say about the case and his connection with it. After sentence, the trial judge permitted him to enter his own recognizance to make payment of the costs within 30 days. The trial judge

further granted a rule to show cause why the costs imposed should not be vacated and stricken off, and the court en banc listened patiently to a lengthy argument presented by counsel on his behalf.

It is the opinion of the entire court that the facts warranted the discharge of defendant and placing the costs on Brightbill as the real prosecutor.

No question concerning the legal right of the court to put the costs upon Brightbill, as the real prosecutor, was raised by the petition or in argument. The contention is that the facts do not substantiate the conclusion that he was the real prosecutor and therefore the court upon reconsideration of the case should relieve him from the payment of costs.

Brightbill went to the scene of the accident and got into an argument with defendant. Without having seen defendant operate a motor vehicle Brightbill made the arrest without a warrant. After making the arrest he sat in judgment at a preliminary hearing for which he expected to collect fees as part of the costs of the case. He refused defendant his constitutional right to have counsel, and he committed defendant to prison, without bail. These, along with the other circumstances related above, in our opinion, justify the sentence.

And now, to wit, May 25, 1942, a rule to show cause why the costs imposed upon petitioner should not be vacated and stricken off is hereby dismissed and the petitioner is directed to make payment of the costs within 10 days from the date hereof and, upon failure so to do, to be committed to the Dauphin County Jail, until discharged according to law.

. . . . . . . . . .

[A petition for reargument in the foregoing case was refused in the following opinion:]

WOODSIDE, J., June 16, 1942.—On May 25, 1942, an order was entered by this court dismissing a rule to show cause why the costs imposed upon John H. Bright-

bill as the real prosecutor in the above case should not be vacated and directing the said John H. Brightbill to make payment of the costs within 10 days.

In the afternoon of the tenth day, to wit, June 4th, Brightbill petitioned for reargument, and in the seventh item of said petition he alleged that the decision of the court was "contrary to law and an imposition and injustice upon him" for seven specific reasons.

As these might be considered in the nature of exceptions to the opinion we shall discuss them.

The first reason alleged is "that the decision is predicated upon facts, which under the pleadings, with the filing of a replication and no depositions being taken, are without and not part of the record available for consideration and reference."

The opinion of the court was based solely upon the testimony as it was presented at the trial. Nothing is referred to in the opinion which did not occur at the trial or was not placed in evidence at that time, with the exception of a reference to Brightbill "having personally written his name on the subpœna which was originally issued without it." This was a fact admitted by Brightbill in his argument. It was only one of the many circumstances of the case, and if entirely ignored would in no way have changed the opinion of the court.

Disregarding the matter quoted above, the fact is that Brightbill was a witness and was in a position to collect witness fees.

To the second reason of petitioner we need refer only to the facts of the case as quoted in the opinion, particularly that petitioner admitted personally "arresting" defendant.

The third, fourth and sixth of petitioner's reasons allege that there was no "affirmative finding" of certain facts. There were no formal specific findings of fact in the opinion, nor do we consider any to have been necessary. At the trial there was an affirmative finding by the trial judge that John H. Brightbill was the

real prosecutor in the cast and it was so publicly announced, before the costs were placed on him.

We think that the facts referred to in 3 and 4 of the petitioner's reasons are sufficiently covered in our opinion.

The fifth reason of petitioner alleges that the decision is based solely upon an alleged dereliction and violation by petitioner of his duty and authority as a public official. When he personally made the arrest of defendant he was not acting in any official capacity. He had not seen defendant drive. The testimony indicated that defendant and the driver of another automobile were peaceably exchanging information and that there was no disorder until Brightbill himself came to the scene and started an argument with defendant, which ended with Brightbill personally putting defendant under "arrest".

The facts of the sixth reason of petitioner are not considered relevant to the determination that Brightbill was the real prosecutor, and the seventh is the whole question.

Brightbill made the arrest; forcibly took defendant to his office; forcibly detained him there; personally sent for the Motor Police, whose information he took, and which the officer testified was made on "information received". Brightbill further refused defendant counsel; refused him bail; committed him to jail for safe keeping, and then sat in judgment at the preliminary hearing.

The entire court has carefully considered the petition of Brightbill for a rule for reargument and feels it should not be granted. The court is satisfied that the trial judge properly found Brightbill to be the real prosecutor and that the evidence warranted the imposition of the costs upon him. At the time of the argument Brightbill's counsel was given unlimited time and argued the case for over half an hour.

The court en banc carefully considered the case and we can see no reason for reargument.

476

Now, to wit, June 16, 1942, the petition of John H. Brightbill for a rule for reargument in the above case is refused, and further stay of the order of May 25, 1942, is denied.